175 N.J. Super. 443 (1980)
419 A.2d 1149
MELVIN M. MAHONEY, PLAINTIFF,
v.
JUNE LEE MAHONEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division Matrimonial, Middlesex County.
Decided July 22, 1980.
*444 Charles J. Casale, Jr., for plaintiff.
Joseph C. Glavin, Jr., for defendant (Schumann, Hession, Kennelly & Dorment, attorneys).
RUBIN, J.J.D.R.C. (temporarily assigned).
This matter is brought before the court on the application of each of the parties for a divorce and distribution of assets acquired during the marriage. The court is satisfied, after consideration of the testimony, that the parties are each entitled to a judgment of divorce on the ground of mental cruelty. The sole issue for the court to determine at this time is the interest and extent thereof, if any, of the wife in monies expended by her during the course of the marriage on behalf of her husband in pursuit of his Master's Degree in Business Administration.
To state the issue another way, what credit should be allowed to the wife, if any, on behalf of contributions which she made during the marriage to aid and assist the husband in obtaining his Master's Degree.
The parties were married in July 1971. No children were born of the marriage. Throughout the marriage defendant was *445 employed. During one 16-month period defendant was solely responsible for the support of the household, paying all bills incurred while the husband pursued his Master's Degree. The total expenditures as testified to by defendant during this period were $28,700.
Subsequent to the completion of his schooling plaintiff began gainful employment. From that time to the date of the separation of the parties, each provided 50% of the total cost of maintaining the household. There were no substantial assets acquired during the marriage. Defendant does not seek alimony since the respective incomes of the parties are at parity.
The Supreme Court in Stern v. Stern, 66 N.J. 340 (1975), addressed the evaluation of a person's earning capacity. Justice Mountain, speaking for a unanimous court, stated:
We agree with defendant's contention that a person's earning capacity, even where its development has been aided and enhanced by the other spouse, as is here the case, should not be recognized as a separate, particular item of property within the meaning of N.J.S.A. 2:34-23. Potential earning capacity is doubtless a factor to be considered by a trial judge in determining what distribution will be "equitable" and it is even more obviously relevant upon the issue of alimony. [at 345]
The Stern court went on to evaluate the husband's partnership interest in his practice of law and to determine that this evaluation should include goodwill. The court did not give the same extensive consideration, however, to the question of the intrinsic value of an educational degree. The issue seems to be one of first impression in New Jersey.
Other jurisdictions have developed two distinct approaches to the issue, although only a few of our sister states have addressed the issue. The more widely held view is that neither the education nor the degree itself has value as an asset that can be quantified in a divorce proceeding. See, e.g., Todd v. Todd, 272 Cal. App.2d 786, 791, 78 Cal. Rptr. 131, 134 (D.Ct.App. 1969); In re Marriage of Graham, 194 Colo. 429, 574 P.2d 75, 77 (Sup.Ct. 1978). It should be noted that four Justices of the Colorado court dissented in Graham. Courts which do not recognize the education or degree as a property right subject to distribution have considered the increased earning capacity as a factor to be considered in the distribution of other assets and future support.
*446 The Iowa Supreme Court, in In re Marriage of Horstmann, 263 N.W.2d 885 (1978), articulated the contrary position. The Horstmanns had been married from 1973 to 1976. During the marriage Mrs. Horstmann contributed to the family's living expenses. In 1976 her husband received his degree and was admitted to the Bar. The same year, a complaint for divorce was filed. The court, in noting the dearth of assets acquired during the marriage, ordered the husband to pay $18,000 by way of future periodic payments for property division. The Court reasoned that the spouse's potential earning capacity, made possible by the wife's efforts during the marriage, was an asset subject to distribution upon the dissolution of the marriage.
The facts in this case reveal no substantial assets subject to equitable distribution. Further, Mrs. Mahoney is not seeking alimony.
A working spouse who contributes to the education of another spouse does so certainly with the expectation that there will be in the future some benefit derived from such a sacrifice. The court is convinced that the facts of this case and the interrelationship of the parties mandate some credit to the working spouse by the spouse who pursued and achieved an education during the marriage. To ignore the contributions of the sacrificing spouse would be to work an injustice, an unfair advantage to the spouse who has gained the education and degree without obligation. There would be an unjust enrichment of the educated spouse.
The absence of assets subject to distribution does not permit the court to allow a credit against distribution, as suggested by our Supreme Court in Stern v. Stern, supra. There can be no doubt that real dollars were contributed by Mrs. Mahoney as an investment in her future marriage which is now dissolved. She seeks a credit for one-half the monies contributed by her during the period of her husband's educational process. The figure $28,700 includes rent, food, entertainment, utilities, debt service, etc. It would be speculation for the court to attempt to reconstruct what the parties might have done if plaintiff had merely *447 been unemployed during this critical period. There is certainly a reciprocal obligation on the part of each spouse to support the other under such conditions. The traditional notions of the male being the wage earner of the marriage are being rejected by many and conflicting roles which couples assume in a marriage today and certainly were discarded herein.
The court holds that the education and degree obtained by plaintiff, under the circumstances of this case, constitute a property right subject to equitable offset upon the dissolution of the marriage. Some reasonable sum as a credit should be allowed by the court on behalf of the maintenance of the household and the support of plaintiff during the educational period.
Accordingly, it is the order of the court that plaintiff reimburse defendant in the amount of $5,000, to be paid at the rate of $100 a month commencing with the date of this order.